HOUSTON, Justice.
Harold Bowens sued Southern Railway Company (“the railroad”) under the Federal Employer’s Liability Act, 45 U.S.C. § 51 et seq., for injuries he allegedly sustained while working as a service attendant for the railroad in its Asheville Yard in Ashe-ville, North Carolina. The jury returned a verdict for the railroad, and the trial court entered a judgment on the verdict. Bow-ens filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, which was denied by operation of law. (See Rule 59.1, Ala.R.Civ.P.) Bowens appeals. We affirm.
Bowens contends that the trial court granted his motion in limine to exclude evidence of his marital status and his treatment for alcoholism and argues that it was therefore reversible error for the railroad to question Bowens on these matters because of the prejudicial effect it had on the jury.
According to the railroad, the trial court’s ruling was not an absolute and unconditional grant of the motion in limine. Thus, the railroad says, Bowens was required “to object for purposes of preserving his right to appeal.”
The videotape recording of the transcript,[1] certified to this Court on appeal, indicates that Bowens filed a motion in limine to exclude, among other things, evidence of the fact “that [he] ha[d] never been married” and “any reference to [his] treatment for alcoholism.”
According to Bowens, the trial court granted the motion in limine when it ruled on the motion as follows:
“[Bowens’s attorney]: [Evidence on Bow-ens’s marital status and his children born out of wedlock is] not to be mentioned until they come up and get your permission from something about it.
“[The court]: We’re going to stay away from all these things. You’re not going to bring them up in the presence of the jury under any circumstances unless we have an out-of-the-presence-of-the-jury hearing prior to its being made reference to in the presence of the jury.
[[Image here]]
“[The court]: ... [W]e’re not going to be going through without bringing it up and ruling at the time that you think it becomes relevant.
“[Bowens’s attorney]: Out of the presence of the jury?
“[The court]: Out of the presence of the jury, right.
[[Image here]]
“[The court]: ... The whole purpose in this motion in limine as far as I am concerned is to bring to the attention of the courts some areas of anticipated testimony which might be inadmissible and ... prejudicial, and seek to prevent it being brought to the attention of the jury in any form or fashion prior to requests or an announcement out of the presence of the jury to the court that the testimony made reference to, that the evidence made reference to has become relevant material and get a ruling before we do it. The problem comes when you unilaterally decide that the door has been opened and decide to go into whatever the proscribed matter is without a ruling from the court.
[[Image here]]
*590 “[The court]: ... Alcoholism, same deal I guess.
[[Image here]]
“[The court]: Well, same deal in the sense that it might be relevant and it might not be relevant [as] the time progresses and the time that you think it becomes relevant or you intend to get into it.
“[The railroad]: Well it certainly goes to someone’s work record.
“[The court]: Well I think it might.”
(Emphasis added.)
In Perry v. Brakefield, 534 So.2d 602, 606 (Ala.1988), the Court expressly stated that “unless the trial court’s ruling on the motion in limine is absolute or unconditional, the ruling does not preserve the issue for appeal” absent an objection to the introduction of the proffered evidence and a statement as to the grounds for the objection. Id.
In this case, the clear import of the trial court’s ruling, as set out above, is that the court was granting Bowens’s motion in limine only conditionally; it was not an absolute and unconditional grant of the motion. Therefore, in order to preserve the issue for review, Bowens had to object to the introduction of the testimony and state the grounds for his objection. He did not do so. In fact, according to Bowens, although his “only recourse [when the railroad ‘specifically and intentionally violated the court’s order prohibiting evidence regarding’ his marital status and treatment for alcoholism] would have been to object and have the evidence excluded,” he did not object because “an objection to inadmissible and prejudicial evidence merely draws attention to the inadmissible evidence and ... such curative measures as a ‘forget you heard it, ladies and gentlemen’ instruction are not only fruitless but they, too, merely emphasize the prejudicial effect.”
The questions, “Are you married?” and “Have you ever been married?” do not seek inadmissible and prejudicial evidence. It is evident from the record that what Bowens wanted excluded was his deposition testimony that he had sired five children, some of whose names and addresses he could not remember, by five different women, some of whose names and addresses he also could not remember.
Bowens further complains that the railroad’s questioning of him violated the court’s ruling, on his motion in limine, not to refer to Bowens as being an alcoholic.
In response to the railroad’s questioning of Bowens, he testified that he was taking the drug Sinequan. He was then questioned concerning the length of time he had been taking this drug and about the physician who had prescribed this drug and his specialty. Bowens testified that the physician specialized in treating depression and “Well, different things, alcohol and you know different things like that.” He also testified that he took Sinequan all the time and that it was good medication for him. There was no objection to any of these questions.
The trial court did not err in denying Bowens’s motion for a new trial.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. See the order of this Court dated November 13, 1990, adopting Rules for Using Videotape Equipment to Record Court Proceedings. 569-571 So.2d LXIII.